IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON JAMES ANDERSON,<br><br>    Petitioner,<br><br>    vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | 1:11-cv-640-JLT (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

    Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    In this case, a review of the California court system's electronic database indicates that the state conviction that forms the basis for the instant petition occurred in Los Angeles County, which is in the

| | |
|---|---|
| 1 | District of California. Therefore, the petition should have been filed in the United States District Court |
| 2 | for the Central District of California. In the interest of justice, a federal court may transfer a case filed |
| 3 | in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, |
| 4 | 932 (D.C. Cir. 1974). |

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **April 28, 2011**             /s/ **Jennifer L. Thurston**
                              UNITED STATES MAGISTRATE JUDGE